[Crim. No. 9.   Third Appellate District.—July 3, 1905.]

THE PEOPLE, Respondent, v. THOMAS WAYSMAN, Appellant.

CRIMINAL LAW—MURDER—INSTRUCTIONS AS TO MALICE.—An instruction as to the definition of malice found in section 7 of the Penal Code is not appropriate in defining the crime of murder, and would better be omitted; but the giving of it is not prejudicial where at the

request both of the people and of the defendant special instructions were given defining the malice mentioned in section 188 of that code, and the jury were instructed that unless the evidence showed the elements of the crime charged there defined, they must acquit the defendant.

ID.—INSTRUCTIONS AS TO APPEARANCE OF DANGER—"REASONABLE MAN." —Where the jury were correctly instructed as to the law concerning appearances of danger to the defendant as a reasonable man, an instruction that "the 'reasonable man' of the law is each particular juror standing as near as the efforts of the law can place him in the precise condition the defendant stood when he committed the act," though not lucid, is not misleading.

ID.—INSTRUCTIONS AS TO REASONABLE DOUBT—REPETITION—INSTRUCTION NOT MISLEADING.—Where the court gave correct instructions as to the law of reasonable doubt it was not necessary to repeat them; and where the court instructed the jury at defendant's request that if they entertain a reasonable doubt upon any single fact or element necessary to constitute the crime it is the duty of the jury to acquit, they could not be misled by an instruction for the people that if they entertain a reasonable doubt upon any material fact inconsistent with the defendant's guilt they should acquit.

ID.—MANSLAUGHTER—MALICE—MODIFICATION OF INSTRUCTION.—Malice is no part of the definition of manslaughter, and it was proper to modify an instruction offered by the defendant on manslaughter by striking out a part including malice as an element thereof.

ID.—CREDIBILITY OF WITNESSES—TESTIMONY OF DEFENDANT—PROVINCE OF JURY.—Where the defendant was a witness in his own behalf the province of the jury was not invaded by an instruction to the effect that they are the exclusive judges of the evidence and of the credibility of the witnesses, and of the weight to be given to their testimony, and that, in determining it, they may consider the character and appearance of the witnesses, the consistency and reasonableness of their statements, and the interest, if any, they may feel in the case.

APPEAL from a judgment of the Superior Court of Shasta County.   Charles M. Head, Judge.

The facts are stated in the opinion of the court.

G. V. Martin, and E. B. Mering, for Appellant.

U. S. Webb, Attorney-General, and C. N. Post, Assistant Attorney-General, for Respondent.

CHIPMAN, P. J.—Defendant was informed against for the crime of murder, and upon his trial was convicted by the

jury of murder in the second degree and was sentenced to imprisonment for fifteen years. He appeals from the judgment. The evidence taken in the case is not before us. The errors complained of relate exclusively to certain indicated instructions, given or refused by the court.

1. The court instructed the jury as follows: "The word 'malice' imports a wish to vex, annoy, or injure another person, or an intent to do a wrongful act, established either by proof or presumption of law."

It is contended that the malice which enters into the crime of murder, as an essential element thereof, and as referred to in sections 187 and 188 of the Penal Code, is something more than malice which simply "imports a wish to vex, annoy, or injure another person"; that the malice stated in the instruction could be predicated of a very trivial act which would wholly fail to manifest "a deliberate intention unlawfully to take away the life of a fellow-creature"; or from which it might be implied that "no considerable provocation appears," or which would fail to show "an abandoned and malignant heart." (Civ. Code, sec. 188.) If the jury had been left to be guided alone by this instruction as to what would constitute malice when applied to the charge of murder, we should be inclined to hold it prejudicial. The instruction is taken from section 7 of the same code, where certain terms are defined in the senses in which they are used in this code. The word "malice" is there given the meaning above defined, "unless otherwise apparent from the context"; and where used in defining the crime of murder it does mean something more than the word imports as defined in section 7. We do not think the definition found in section 7 appropriate in a case of this kind, and would be better omitted altogether. It was given, however, in *People* v. *Dice,* 120 Cal. 189, [52 Pac. 477], which involved the crime of murder, in connection with the definition of malice as found in section 188, and the same objection was made as is now urged. The court said: "We think the complaint unfounded. The court but instructed the jury as to the general import of the word 'malice,' and immediately and in the same connection specifically defined the word when used in the code as an element of the crime of murder."

The question as presented in the case now here differs from

that in *People* v. *Dicc* only in the fact that the instructions of
the court upon the malice required to constitute murder are
separate from the one of which complaint is made.   Both for
the people and also at the request of defendant specific in-
structions were given defining the malice mentioned in section
188, and the jury were told that unless the evidence showed
the presence of the elements of the crime charged, there de-
fined, they must acquit the defendant.   We think the case is
thus brought within the rule in *People* v. *Dice.*

2. The court instructed as follows: "The 'reasonable man'
of the law is each particular juror, standing as near as the
efforts of the law can place him in the precise condition the
defendant stood at the time he committed the fatal act."
This instruction was given in connection with others correctly
stating the doctrine of appearances.   The court probably
meant to tell the jury that in judging of the apparent danger
with which defendant claimed he was confronted, each juror
must put himself in the place of the defendant and decide as
a "reasonable man" whether he under like circumstances
would have regarded himself as in imminent danger of great
bodily injury.   The instruction is not particularly lucid, but
read in connection with the instructions immediately preced-
ing it, the jury could not have been misled by it to defend-
ant's injury, even though they did not understand precisely
what was meant by it.

3. The doctrine of reasonable doubt was correctly given
to the jury, and the instructions respecting it are not open to
the criticism made by appellant.   Several instructions were
given in which no mention was made of this doctrine; it was
not necessary to repeat it after having been once clearly
stated.   (*People* v. *McRoberts, ante,* p. 25, [81 Pac. 734].)

4. The jury were correctly and fully instructed as to the
law of manslaughter and self-defense.   In an instruction
(13), given at defendant's request, defining manslaughter, the
court struck out the concluding paragraph.   This was not
error, as it included malice as an element of manslaughter.
It is the absence of this element which reduces the homicide to
the lower grade of offense.   The point that the court did not
submit to the jury with sufficient clearness the law as to man-
slaughter and self-defense is not well taken.   We have care-
fully read all the instructions on these points and find them
to be a clear and fair statement of the law.

5. It is urged that instruction 28, given for the people, is an invasion of the province of the jury, and especially so because defendant was a witness in his own behalf. In this instruction the jury were told that they were the exclusive judges of the evidence and of the credibility of the witnesses and of the weight to be given to their testimony; and the court then proceeded to point out that as such judges of the evidence they "may consider the character and appearance of the witnesses, the consistency and reasonableness of their statements; the interest, if any, they may feel in the case, and from these and such reasons . . . may judge and determine as to the credibility, weight, effect, and sufficiency of such testimony." We perceive no invasion of the prerogative of the jury, as judges of the evidence, in this instruction. It does not fall within the rule in *People* v. *Van Ewan,* 111 Cal. 144, [43 Pac. 520], where the instruction was held error because pointing to the testimony of a particular witness. A similar instruction is found in *People* v. *Iams,* 57 Cal. 115, at pp. 122, 123, and although not specifically pointed out for approval, was included in the charge of the court, which, after careful examination, was said to have been "entirely correct."

The following instruction was given for the people: "If you entertain a reasonable doubt upon any one single material fact which is inconsistent with the defendant's guilt and arises from the evidence in this case, it is your duty to give the benefit of such doubt to the defendant and acquit him."

The criticism of this instruction is, that it dealt only with facts which are inconsistent with guilt, but does not include facts which are consistent with guilt, and is therefore erroneous and misleading. The court had just before instructed the jury fully as to the doctrine of reasonable doubt, and the court said, among other things: "The law presumes every man to be innocent until his guilt is established beyond all reasonable doubt, and this presumption attaches at every stage of the case, and to every fact essential to a conviction." Elsewhere, at defendant's request, the court charged the jury: "If the jury entertain any reasonable doubt upon any single fact or element necessary to constitute the crime, it is your duty to give the defendant the benefit of such doubt and acquit." We cannot see that there was any failure of the

court to fully instruct the jury upon the point now presented; and it is quite apparent that the jury could not have been misled by the particular instruction complained of. Some other instructions are subjected to adverse comment by appellant, but they do not seem to us to call for particular notice.

The judgment is affirmed.

Buckles, J., and McLaughlin, J., concurred.

A petition to have the cause heard in the supreme court after judgment in the district court of appeal was denied by the supreme court on September 1, 1905.